## KNOX *v.* COOK.

CANDLER, J.   1. The answer of the defendant set up a meritorious defense, and it was not error to overrule the demurrer filed thereto.

2. This was an action of trover for the recovery of a dog.   The defendant came into possession of the dog by gift from one who had no title to it, but who had received it from the plaintiff to be kept until called for.   His defense to the action was, that, immediately after coming into possession, he called upon the plaintiff to know if he then claimed the dog, telling him that if he did not, he (the defendant) would keep it as his own; that the plaintiff informed him that if he decided to claim the dog he would let him know in "two or three days," or in "a few days;" that the plaintiff did not claim title to the dog for nearly two months; and that by his express agreement title had thereby passed out of him to the defendant.   This was denied by the plaintiff.   *Held,* that the sole question for determination by the jury was whether by the alleged agreement of the plaintiff and his subsequent conduct he parted with title to the dog; and it was not error for the court to refuse to charge the jury that "if plaintiff agreed to let defendant know in a day or two or in a few days whether or not he expected to claim the dog, he would still have a reasonable time in which to claim the dog and demand its return to him."

3. In view of the ruling made in the preceding headnote, it was not error requiring the grant of a new trial for the court to state in the hearing of the jury "that he did not consider the question of a reasonable time in the case; and that, besides, six weeks would not be a reasonable time in which to claim the dog;" nor for him to charge that "if plaintiff promised to let defendant know in two or three days whether or not he expected to claim the dog, and failed to do so in two or three days, but did after a long interval call for the dog, during which time defendant spent money and time on the dog, then the dog would belong to the defendant, and plaintiff could not recover same."

4. The evidence was conflicting, but that for the defendant was sufficient to warrant the verdict returned in his favor.   The trial judge was satisfied with the finding of the jury, and the judgment overruling the motion for a new trial will not be disturbed.

*Judgment affirmed.     All the Justices concur, except Simmons, C. J., absent.*

Submitted February 22, —Decided March 4, 1904.

Trover.    Before Judge Calhoun.    City court of Atlanta.    May 9, 1903.

*Joseph W. & John D. Humphries,* for plaintiff.
*Alexander & Powers,* for defendant.